[No. 14961.   Department One. — February 14, 1893.]

JAMES COALTER, RESPONDENT, v. JAMES HURST,
APPELLANT.

ASSUMPSIT — SERVICES RENDERED — PLEA OF PAYMENT — EVIDENCE — RE-
BUTTAL —TRANSACTIONS NOT PLEADED — FINDINGS. — Where the plain-
tiff in an action to recover the reasonable value of services rendered to
the defendant alleged that he had not been paid for his services, and
the defendant pleaded payment therefor, and proved that he had paid
to the plaintiff various sums of money, amounting, in the aggregate, to
more than the court found to be the value of plaintiff's services, but
failed to show any application of any of the moneys paid by him to a
discharge of his obligation for the services rendered by the plaintiff, or
to any specific demand of the plaintiff, the plaintiff was entitled to show,
in rebuttal, that the moneys paid had in fact been paid by the defendant
upon indebtedness to the plaintiff growing out of other transactions, and
a finding by the court, stating the account between the parties, and find-
ing that certain of the amounts paid by the defendant were upon account
of other transactions specified, and that there was a specified balance
due the plaintiff, is not a finding upon issues not raised by the pleadings,
but is a finding upon the issue of payment presented by the answer.

ID. — APPLICATION OF PAYMENTS. — Where payments are made by a debtor
without applying them to any specific demand, they should be applied
by the court to the extinction of obligations earliest in date of maturity.

ID. — APPEAL — PRESUMPTION — MATURITY OF OBLIGATIONS AT DATE OF
PAYMENTS. — Where the record upon appeal does not disclose the dates
at which the respective payments were made by the defendant, it will be
assumed that it appeared from the evidence that all of the obligations
matured prior to those dates, and that the court applied the payments
thereon.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The plaintiff sued to recover $2,036, a balance alleged to be due as the reasonable value of services rendered by him as foreman of defendant's livery-stable. The defendant admitted the service, but pleaded payment, and specially pleaded a counterclaim, amounting to $519, for the board and keeping of the plaintiff's horse. The trial court found that the plaintiff rendered services for the defendant from July 18, 1888, to March 24, 1891, the reasonable value of which was $60 per month; that on March, 24, 1888, the plaintiff deposited with the defendant $800 for safe-keeping; that on October 7, 1889, the plaintiff loaned the defendant $140, and on June 1, 1890, loaned the defendant $50; that at a time not mentioned, the plaintiff sold to the defendant a mare for $100; that the defendant paid the plaintiff, between March 31, 1888, and March 21, 1891, the sum of $2,325.60, but that none of the payments made to the plaintiff by the defendant were applied by the defendant to any specific item or demand of the plaintiff. As a conclusion of law, the court found that the plaintiff was entitled to recover of the defendant the sum of $690.40, and costs. Further facts are stated in the opinion of the court.

*Sullivan & Sullivan,* for Appellant.

*Taylor & Craig,* for Respondent.

HARRISON, J. — The statement of the account between the parties upon all of their transactions with each other which the court made in its findings was not a finding upon issues not presented by the pleadings, but was a direct finding upon the issue of payment presented by the defendant's answer. The defendant had alleged in his answer that he had fully paid for the services for which the plaintiff brought the action. Under this averment he showed that he had paid to the plaintiff various sums of money, amounting, in the aggregate, to more than the court found to be the value of the services; but as the plaintiff had alleged in his complaint

that he had not been paid for his services, there was an issue upon this averment, and the plaintiff was at liberty to show that the moneys had in fact been paid upon other transactions. The court in its findings stated the account between the parties, and, in effect, found that $1,090 of the amounts paid by the defendant was upon other transactions, $800 of which was for moneys that had been received by the defendant from the plaintiff before any services were rendered. As the defendant did not make application of any of the moneys paid by him to a discharge of his obligation for the services rendered by the plaintiff, or to any specific demand of the plaintiff, the court was at liberty to apply them to the extinction of the obligations earliest in date of maturity, (Civ. Code, sec. 1479, subd. 3 (3), and as the record does not disclose the dates at which the respective payments were made, we may assume that it appeared from the evidence that all of the obligations matured prior to those dates, and that the court applied the payments thereon.

The judgment is affirmed.

GAROUTTE J., and PATERSON, J., concurred.